UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Damien Kytrell Ford, | Case No.: 2:21-cv-01742-APG-DJA |
|---|---|
| Petitioner | **Order Denying the Respondents' Motion to Dismiss and Granting their Motion to Seal** |
| v. | [ECF Nos. 31, 35] |
| Calvin Johnson, et al., | |
| Respondents | |

Petitioner Damien Kytrell Ford brings this 28 U.S.C. § 2254 federal habeas petition, challenging his 2018 judgment of conviction for second degree murder with use of a deadly weapon. The respondents move to dismiss Grounds Two, Three, and Five in Ford's first amended petition as untimely and Grounds One through Five as unexhausted. ECF No. 31.

**Background**

Ford filed his *pro se* federal petition. ECF No. 11. Following appointment of counsel, Ford filed his first amended federal petition alleging five claims for relief. ECF No. 29. The respondents argue that Grounds Two, Three, and Five should be dismissed as untimely because they do not relate back to Ford's timely-filed original *pro se* petition. ECF No. 31 at 4-6. They also argue that Grounds One, Two, Three, Four, and Five should be dismissed as unexhausted.[1]

**Discussion**

**I.    Grounds Two, Three, and Five are not time-barred.**

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act (AEDPA) one-year limitation period will be timely only if the

---

[1] In their reply, however, the respondents withdraw their assertion that Ground Five is unexhausted. ECF No. at 44 at 4.

new claim relates back to a claim in a timely-filed pleading. Fed. R. Civ. P. 15(c).  An untimely amendment properly "relates back to the date of the original pleading" if it arises out of the same "conduct, transaction, or occurrence." *Id*.  "Relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

New claims in an amended habeas petition do not arise out of "the same conduct, transaction or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Mayle*, 545 U.S. at 661; *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008).  Rather, to properly relate back, a new claim must arise from the same collection of facts alleged in the earlier petition. *Mayle*, 545 U.S. at 661; *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (holding that one shared fact in two divergent legal theories was "not sufficient to conclude that they arise out of a common *core* of operative facts.").  An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Mayle*, 545 U.S. at 650.  I am "obligated to 'liberally construe[ ] documents filed *pro se*,'" like Ford's original petition. *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (*en banc*).

In Ground Two, Ford alleges that trial counsel rendered ineffective assistance for failure to effectively impeach a purported eyewitness, Meah Smith (Smith). ECF No. 29 at 9-10.  The respondents argue that although Ford alleged ineffective assistance based on a failure to impeach Smith in his original *pro se* petition, Ford includes additional factual allegations in his first amended petition, such as the failure to impeach based on the height and weight of the shooter as well as lighting conditions of the apartment complex. ECF No. 31 at 6-7.

In Ground Three, Ford alleges that trial counsel rendered ineffective assistance by advising Ford to reject a favorable plea offer. ECF No. 29 at 11-12. The respondents argue that Ground Three does not relate back the allegations in Ford's original *pro se* petition because he presents new facts in his amended petition, including that Ford was offered a no-contest plea and that Ford spoke to Dr. Wayne Faunteroy about the plea negotiations. ECF No. 31 at 7.

In Ground Five, Ford alleges that trial counsel rendered ineffective assistance for failing to investigate and present information concerning the distance between the shooting location and the location where Ford was picked up, in order to demonstrate that it was physically impossible for Ford to be the shooter. ECF No. 29 at 14. The respondents argue that the inclusion of additional factual support alters the claim. ECF No. 31 at 7.

Although Ford concedes that particular facts may not have been alleged in the original petition, the challenged factual allegations are tied to the same core operative facts as alleged in the original petition. Relation back does not require that "the facts in the original and amended petitions be stated in the same level of detail." *Ross*, 950 F.3d at 1168 n.4 (noting that relation back may be appropriate if the later pleading expands or amplifies the facts alleged in the earlier pleading and stating that "[s]ufficient correspondence exists if two claims arise out of the same episode-in-suit."). Because the claims are tied to a common core of operative facts and a common legal theory, Grounds Two, Three, and Five are not time-barred. The respondents' motion to dismiss Grounds Two, Three, and Five as untimely is denied.

**II.     Grounds One and Two are exhausted.**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that, as a matter of comity, the state courts will have the first opportunity to

address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)) and *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'")). "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

In Ground One, Ford alleges that his rights to present a defense and cross-examine witnesses were violated when the trial court excluded evidence that Corey Jackson had admitted to police that he owned bullets that matched those used in the shooting. ECF No. 29 at 7-9. The respondents assert that Ground One is unexhausted because Ford presents new factual details and allegations in his federal petition that he did not present in his direct appeal, such as the

4

allegation that Jackson's testimony would have benefited Ford because the bullets from Jackson's apartment matched casings found at the crime scene and because Jackson's statement contradicted another witness's testimony. ECF No. 31 at 9.

The respondents argue that Ground Two is unexhausted because he presents new factual details and allegations in his federal petition. ECF No. 31 at 10. They assert that Ford only referenced Smith's social media post of her holding a gun on appeal of his state habeas petition, but included in the first amended federal petition allegations that Smith provided statements to the police that the shooter went by the name "Seven," was tall, and wore a black hoodie. *Id*.

The additional factual allegations do not fundamentally alter Ford's claims. The new allegations add further information, but nothing in federal Ground One or federal Ground Two fundamentally alters the exhausted claims or places them in a different and significantly stronger evidentiary posture than when the claims were presented to the state courts. *See generally Dickens*, 740 F.3d at 1318. Grounds One and Two are exhausted.

**III.     I defer consideration of Grounds Three and Four.**

Ford acknowledges that Grounds Three and Four were not presented to the state courts but argues the claims are technically exhausted as he can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default. ECF No. 42 at 8-12.

A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Dickens*, 740 F.3d at 1317 ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir.

2002). Where a petitioner has "procedurally defaulted" a claim, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing *Coleman*, 501 U.S. at 754-55). However, in *Martinez*, the Supreme Court created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. *See* 566 U.S. at 16-17. "Under *Martinez*, the procedural default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding ... and if in that proceeding there was no counsel or counsel was ineffective." *Ramirez*, 937 F.3d at 1241 (citing *Martinez*, 566 U.S. at 17). Nevada law requires prisoners to raise ineffective assistance of counsel (IAC) claims for the first time in a state petition seeking post-conviction review, which is the initial collateral review proceeding for the purposes of applying the *Martinez* rule.[2] *See Rodney v. Filson*, 916 F.3d 1254, 1259-60 (9th Cir. 2019).

To establish cause and prejudice to excuse the procedural default of a trial-level IAC claim under *Martinez*, a petitioner must show that: "(1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying

---

[2] The Supreme Court of Nevada does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada law. *Brown v. McDaniel*, 331 P.3d 867, 871–75 (Nev. 2014) (en banc). Thus, a Nevada habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

6

ineffective assistance of trial counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Ramirez*, 937 F.3d at 1242 (internal quotation omitted).  The first and second "cause" prongs of the *Martinez* test are derived from *Strickland v. Washington*, 466 U.S. 668 (1984). *See Ramirez*, 937 F.3d at 1241.  Determination of the second prong—whether there was a reasonable probability that the result of the post-conviction proceedings would be different—"is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id.* (quoting *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 819 (9th Cir. 2015) (en banc)).  The third "prejudice" prong directs courts to assess the merits of the underlying IAC claim. *See id.*  A procedural default will not be excused if the underlying IAC claim "is insubstantial," *i.e.*, it lacks merit or is "wholly without factual support." *Id*. (quoting *Martinez*, 566 U.S. at 14-16).

     Here, Ford would face multiple procedural bars if he were to return to state court with his unexhausted claims. *See, e.g.*, NRS 34.726, 34.810.  Ford advances only *Martinez* as a basis for excusing the anticipatory default of his ineffective assistance of counsel claims.  I view Ford's opposition as a concession that the only basis for cause as to the unexhausted ineffective assistance of trial counsel claim in Grounds Three and Four would be *Martinez*, and will consider those claims technically exhausted on that basis.

     Ford and the respondents, in the alternative, request deferring ruling on whether Grounds Three and Four are procedurally defaulted given the fact-intensive nature of the claim. ECF Nos. 42 at fn 3, 44 at 5.  I agree that consideration of whether Ford can overcome the procedural default of Grounds Three and Four are intertwined with the merits of the claim.  Accordingly, I defer a determination on whether Ford can demonstrate cause and prejudice until the time of

merits determination. The respondents may renew the procedural default argument as to Grounds Three and Four in their answer.

### IV. Motion to Seal

The respondents seek leave to file under seal the following: Exhibit 51, Petitioner's Presentence Investigation Report (PSI) (ECF No. 36-1), dated January 4, 2019; Exhibit 52 (ECF No. 36-2), dated January 22, 2018; Exhibit 61 (ECF No. 36-3), dated February 27, 2018. Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5).

Based on *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the compelling need to protect Ford's safety, privacy, and personal identifying information outweighs the public interest in open access to court records. The motion is granted and Exhibits 51, 52, and 61 are considered properly filed under seal.

### Conclusion

I THEREFORE ORDER:

1. The respondents' motion to dismiss **(ECF No. 31) is denied**. A decision on whether Ford can demonstrate cause and prejudice under *Martinez* for Grounds Three and Four is deferred until after the parties have answered and replied. The respondents may reassert the procedural default argument with respect to those claims in their answer.

2. The respondents' motion to seal **(ECF No. 35) is granted**. Exhibits 51, 52, and 61 (ECF Nos. 36-1, 36-2, 36-2) are considered properly filed under seal.

3. The respondents have until August 12, 2024 to file and serve an answer addressing Ford's first amended petition.

4. Ford will have 30 days from the date of service of the answer to file and serve a reply.

DATED this 11th day of July, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE